**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4069

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINTON MARKIS CUTHBERTSON, a/k/a Quinton Marquis Cuthbertson,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00028-CCE-1)

Submitted:  November 7, 2022                    Decided:  January 4, 2023

Before DIAZ and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Peter D. Zellmer, PETER D. ZELLMER, PLLC, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Nicole R. Dupre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton Markis Cuthbertson appeals his conviction following entry of a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), challenging the denial of his motion to suppress evidence seized and statements made during a stop of the vehicle he was driving. We affirm.

"When examining the denial of a motion to suppress, this [c]ourt reviews the district court's legal determinations de novo and its factual conclusions for clear error." *United States v. Runner*, 43 F.4th 417, 421 (4th Cir. 2022) (internal quotation marks omitted), *petition for cert. filed*, No. 22-5996 (U.S. Nov. 4, 2022). "In conducting this review, th[is] [c]ourt evaluates the evidence in the light most favorable to the [G]overnment." *Id.* (internal quotation marks omitted).

Cuthbertson asserts that the district court erred in not granting the motion to suppress because the stop was unlawful. A traffic stop of a vehicle constitutes a seizure under the Fourth Amendment and is permissible if the officer has probable cause to believe that a traffic violation occurred. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Accordingly, when an officer observes even a minor traffic offense, a stop of the vehicle is permitted. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993); *see United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008). We conclude that the district court did not err in determining that the officer had probable cause to stop the vehicle Cuthbertson was driving. The evidence the district court credited established that the vehicle was driven on the Interstate at speeds well over the posted limit, matters Cuthbertson does not dispute.

2

Rather, Cuthbertson argues that his speeding was induced by law enforcement, and the stop was therefore unlawful based on lack of supporting probable cause, because he reasonably believed the driver behind him intended to harm him based on his aggressive pursuit and he was thus justified in exceeding the speed limit to flee the driver. He cites to the Supreme Court of Wisconsin's decision in *State v. Brown*, 318 N.W.2d 370 (Wis. 1982), to support this contention. *Brown*—which addresses the availability of defenses in a prosecution for speeding under Wisconsin state law—does not apply to Cuthbertson's speeding in North Carolina, and Cuthbertson offers no argument on appeal grounded in North Carolina state law supporting the inducement and justification theory he advances. He thus fails to show reversible error in the district court's conclusion that probable cause existed for the traffic stop.

Cuthbertson's remaining appellate arguments fare no better in establishing reversible error in the district court's denial of the motion to suppress. He claims that the district court clearly erred in finding that the officers here did not violate the Greensboro Police Department's body worn camera policy. We reject this contention because, even if the district court erred in finding no violation of the policy, Cuthbertson proffers neither argument nor supporting legal authority connecting any such violation standing alone with the remedy of suppression.

Cuthbertson further argues that the district court erred in failing to find a due process violation or spoliation where computer assisted dispatch records, police radio recordings, and full body worn camera recordings were not preserved and produced. We review these claims for plain error. *United States v. Barringer*, 25 F.4th 239, 253 (4th Cir. 2022). To

establish plain error, Cuthbertson must show there has been (1) an error, (2) that is plain and (3) that affects his substantial rights. *Id.* Even if these three requirements are met, our "authority to recognize plain error is permissive, not mandatory, and should be employed only to prevent a miscarriage of justice." *Id.* (internal quotation marks omitted). We discern no error qualifying as plain in the district court's failure to find a due process violation or spoliation.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*